**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA ANN PARKER and CHARLES SHEPHARD,**

                **Plaintiffs,**

**-vs-**                                          **Case No. 6:15-cv-1468-Orl-37DAB**

**EXETER FINANCE CORP.,**

                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **SECOND MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 13)**
>
> **FILED:** October 5, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Amended Complaint be dismissed**.

By prior Report (Doc. 3), the undersigned recommended that the initial motion to proceed *in forma pauperis* be denied and the Complaint be dismissed. The undersigned found, among other things, that Plaintiffs did not make a sufficient showing that they were paupers and the Complaint failed to state a claim within the limited jurisdiction of the Court. Plaintiffs did not respond to the Report, but moved for a brief extension of time in which to file an Amended Complaint (Doc. 9). The Court granted the motion, noting that Plaintiffs failure to timely respond to the recommendations and findings made in the Report waived any objections to it, and ordered that "[a]ny Amended Complaint

must be accompanied by either the filing fee or a motion establishing the right to proceed in forma pauperis . . ." (Doc. 11). An Amended Complaint (Doc. 12) and the instant motion followed.

*Standards of Review*

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds

and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

Although it is well established that the pleadings of *pro se* litigants, like Plaintiffs, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite a Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).  In order to survive dismissal, a Plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*The allegations of the Amended Complaint*

The Amended Complaint reads in its entirety:

Comes now, Plaintiff, and for causes of action alleged as follows:
1. This action arises under 15 U.S.C. 1692(f), Section 808(6), "Unfair Practices", where "a debt collector may not use unfair on unconscionable means to collect or attempt to collect any debt", by "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property".
2. Plaintiffs are residents of the City of Orlando, County of Orange, State of Florida.
3. Defendant Exeter Finance Corporation is domiciled in Texas and is located at 222 Las Colinas Blvd West, Suite 1800, Irving, TX 75039-5438.
4. Venue is proper here.
5. Unbeknownst to Plaintiffs, Defendant implanted a hidden GPS within Defendants' vehicle in order to track the vehicle should repossession be necessary. Such action was not disclosed in the contract for sale.
6. On September 9, 2015, at 8:05PM, Defendant attempted to repossess Plaintiffs vehicle at Chipolte Restaurant, located at 7800 Dr Phillips Blvd #100, Orlando, Florida 32819. Defendant employed Hydra Recovery as its agent to repossess the vehicle, located at 2385 NW 6th Street, Doral, Florida 33166.
7. Jose, the employee of Hydra Recovery, informed Plaintiff Charles Shephard that Defendant had injected a GPS into the vehicle, which made repossession simple.
8. Plaintiff Charles Shephard informed Employee of Defendant's agent Hydra Recovery that not only was repossession illegal (because Defendant did not have a legal right to repossess), but that Plaintiff had won a suit against Defendant for telephone harassment under 15 U.S.C. 1629(d) Section 806.
9. Employee of Hydra Recovery did not repossess Plaintiffs car.

>   10. The threat of unlawful repossession, and the potential for no transportation because of unlawful repossession, has caused mental anguish and extreme anxiety to Plaintiffs. In addition, Plaintiffs' son, age ten (10), was traumatized by the attempted repossession.
>   11. Under 15 U.S.C. 1692(f), Section 808, a debt collector may not use "unconscionable" means to attempt to collect debt. Here, the use of a GPS implanted within Plaintiffs vehicle was an "unconscionable" invasion of Plaintiffs privacy.
>   12. Defendant has a history of side-stepping the boundaries for lawful business (as clearly shown in the suit where Plaintiffs have won against Defendant for telephone harassment).
>   WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:
>   1. That Defendant be restrained from repossession of Plaintiffs' vehicle until, if ever, Defendant has the legal right to repossess such property;
>   2. That Defendant be required to pay Plaintiff for punitive damages in the amount of $200,000; in order to make a show of Defendant and deter such business practices of implanting GPS's unrightfully, and
>   3. For such other and further relief as the court may deem proper.

(Doc. 12).

*Analysis*

As detailed in the prior Report, it is questionable if either Plaintiff qualifies as a pauper. Ms. Parker was determined to have a regular (albeit modest) income that precludes her from pauper status and Mr. Shephard listed very minimal information on his short form application. Neither Plaintiff objected to these findings and the instant motion provides nothing to alter this conclusion.[1] Even if Plaintiffs were to qualify, however, this pleading fails to state a cognizable cause of action.

Plaintiffs purport to state a claim for unfair practices pursuant to 15 U.S.C. §1692(f). Construed liberally, the crux of the claim is that Plaintiffs were unaware that their vehicle contained a GPS monitor that was used to assist Defendant, apparently the secured creditor, in locating the vehicle. As Plaintiffs allege that "Defendant implanted a hidden GPS within *Defendants'* vehicle in

---

[1] The motion notes only: "there is limited financial resources due to the fact that we have 3 children and we are struggling and this cases that we have had with this company and they have caused financial harm to us due to the fact we are also in a bankruptcy as well so I hope and pray that this case can proceed in the court" (Doc. 13). The Court takes judicial notice of *In re: Patricia A. Parker,* Case No. 6:15-bk-7150-CCJ, filed in this division. That docket, however, reflects that on October 2, 2015, *prior* to the date the motion was filed here, the bankruptcy proceeding was dismissed for abuse, and Plaintiff was enjoined from filing for relief for two years (Docs. 15 and 16 in that case). There is no pending proceeding for Mr. Shephard in this division.

order to track the vehicle should repossession be necessary," the Court infers that installation of the device occurred prior to the purchase and that one or both Plaintiffs purchased the vehicle from Defendant. Plaintiffs allege that Defendant did not disclose the device to Plaintiff(s) when she/they bought the car. Hydra Recovery attempted to, but did not, repossess the car while Plaintiffs and their son were at a restaurant, and the Complaint alleges that the threatened repossession has caused mental anguish. Plaintiffs claim "the use of a GPS implanted within Plaintiffs vehicle was an "unconscionable" invasion of Plaintiffs privacy," entitling them to relief under 15 U.S.C. § 1692(f). These allegations do not support such a claim, as a matter of law.

As Plaintiffs recognize, under 15 U.S.C.§1692(f), a debt collector may not use "unconscionable" means to attempt to collect debt.  Here, however, there is no showing that Defendant is a debt collector.  Rather, Plaintiffs allegations establish that Defendant is a creditor. As a South Carolina District court recently explained, in a similar context:

> Here, Plaintiff does not plausibly allege a violation of the FDCPA because the only reasonable inference from the Complaint is that Defendants were creditors because the Credit Union was the entity to whom the debt was owed and it was secured by Plaintiff's car. Plaintiff does not allege that Defendants were attempting to collect a debt owed to another, which is the definition of a debt collector under the FDCPA. The FDCPA does not create a private right of action against a creditor for unfair practices; thus, Plaintiff fails to allege a plausible violation of federal law. *See Eley v. Evans*, 476 F.Supp.2d 531, 534 (E.D.Va.2007) (plaintiff failed to state a claim for violation of the FDCPA because the car dealership was a creditor, and the car dealership and its president by hiring a towing company to repossess the automobile were attempting to collect on a debt that was owed to them); *Craig v. Park Fin. of Broward Cnty., Inc.,* 390 F.Supp.2d 1150, 1154 (M.D.Fla.2005) (plaintiff failed to state a violation of the FDCPA against a lender that financed a car loan because the lender was a creditor, not a debt collector); *see also Mitchell v. Cannon*, C/A No. 2:07–3259–PMD–BM, 2009 WL 824202, at *10 (D.S.C. March 26, 2009) (plaintiff's claims based on repossession of his vehicle did not state a claim for violation of the FDCPA against Branham and Cypress Recovery, who were private actors), *aff'd,* 367 F. App'x 390 (4th Cir.2010).

*Dempsey v. Greenville Heritage Fed. Credit Union,* No. CIV.A. 6:15-664-TMC, 2015 WL 1564780, at *3 (D.S.C. Apr. 8, 2015).

Absent any plausible allegation that Defendant was a debt collector, within the meaning of the federal act, Plaintiffs claim for violation of the FDCPA fails. *See Craig v. Park Fin. of Broward Cnty., Inc.*, *supra*, 390 F. Supp. 2d at 1154 (where plaintiffs alleged that Park Finance financed a car loan for the plaintiffs and then sought repayment of the loan: "Based on these allegations, the Court concludes that Defendant Park Finance is a creditor and is therefore not covered by the Fair Debt Collection Practices Act"). As no other claim is presented, the Amended Complaint is frivolous and should be dismissed.

It is therefore respectfully **RECOMMENDED** that the amended motion to proceed as a pauper be **denied**; the Amended Complaint be **dismissed** because it fails to state a plausible claim within the limited jurisdiction of this Court; and the case be closed.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 7, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy