**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PATRICIA ANN PARKER; and
CHARLES SHEPHARD,

        Plaintiffs,

v.                                                Case No. 6:15-cv-1468-Orl-37DAB

EXETER FINANCE CORP.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Plaintiffs' Motion to Proceed in Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2), filed September 8, 2015;

2. U.S. Magistrate Judge David A. Baker's [First] Report and Recommendation (Doc. 3), filed September 10, 2015;

3. Plaintiffs' Motion for the Informa Paupus [sic] to be Approved (Doc. 13), filed October 5, 2015;

4. U.S. Magistrate Judge David A. Baker's [Second] Report and Recommendation (Doc. 15), filed October 7, 2015;

    5.    Plaintiffs' [Second] Amended Complaint (Doc. 18), filed October 21, 2015; and

    6.    Plaintiffs' Motion to Appeal on Motion to Appoint Counsel, and, to Proceed Informa Papus [sic] (Doc. 19), filed October 21, 2015.

On September 8, 2015, pro se Plaintiffs Patricia Ann Parker and Charles Shephard moved to proceed in forma pauperis on claims for unfair debt collection practices. (Doc. 2 ("First IFP Motion"); *see also* Doc. 1.) U.S. Magistrate Judge David A. Baker recommended that the Court deny Plaintiff's First IFP Motion and dismiss Plaintiffs' complaint on the grounds that: (1) Plaintiff Patricia Ann Parker did not qualify as a pauper because she received regular income; (2) Plaintiffs' pleading failed to state any cognizable cause of action within the jurisdiction of this Court; (3) he was unable to determine whether Plaintiff Charles Shephard qualified as a pauper due to the limited information that Shephard provided; and (4) Plaintiffs' complaint failed to state *any* cause of action on Shephard's behalf. (Doc. 3 ("First R&R").)

Plaintiffs did not object to the First R&R, but filed an Amended Complaint (Doc. 12)[1]—which rendered the First IFP Motion and the First R&R moot—and moved to proceed in forma pauperis on the claims in their Amended Complaint (Doc. 13 ("Second IFP Motion")). Magistrate Judge Baker recommended that the Court deny the Second IFP Motion, dismiss the Amended Complaint as frivolous, and close the case on the ground that Plaintiffs once again failed to state a plausible claim within the jurisdiction of this

---

[1] The Amended Complaint (Doc. 12) is the operative pleading. Although Plaintiffs filed a Second Amended Complaint on October 21, 2015 (Doc. 18), it is due to be stricken because they failed to seek leave of court pursuant to Federal Rule of Civil Procedure 15(a)(1) and (2) before filing.

Court. (Doc. 15 ("Second R&R").) Plaintiffs move to appeal the Second R&R, which the Court construes as objections. (*See* Doc. 19 ("R&R Objections").)

When a party objects to a magistrate judge's findings in a report and recommendation, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Having conducted an independent, de novo review, and upon consideration of the entire record and the R&R Objections, the Court agrees with Magistrate Judge Baker's comprehensive, well-reasoned Second R&R. Accordingly, the Second R&R is due to be adopted.

The pleadings in this action, however, do not end there. On October 14, 2015, Plaintiffs also moved the Court to appoint them counsel (Doc. 16), which Magistrate Judge Baker denied (Doc. 17 ("October 20 Order").) Part and parcel with the R&R Objections, Plaintiffs move to appeal the October 20 Order. (*See* Doc. 19.) The Court likewise construes this filing as an objection. ("October Order Objections.")

Because the October 20 Order does not dispose of Plaintiffs' claim, the Court reviews it, as well as the October Order Objections, in accordance with Rule 72(a) of the Federal Rules of Civil Procedure, which permits magistrate judges to issue written orders on nondispositive pretrial matters and requires only that "[t]he district judge . . . consider timely objections and modify or set aside any part of the order that is clearly erroneous or

is contrary to law." Fed. R. Civ. P. 72(a).

Upon consideration of the October 20 Order and the October Order Objections, the Court finds that the October 20 Order is neither clearly erroneous, nor contrary to law. The October Order Objections are, therefore, due to be overruled.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge David A. Baker's [First] Report and Recommendation (Doc. 3) is **TERMINATED AS MOOT.**

2. Plaintiffs'' [First] Motion to Proceed in Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2) is **DENIED AS MOOT.**

3. Plaintiff's Motion to Appeal on Motion to Appoint Counsel, and to Proceed Informa Papus [sic] (Doc. 19), which the Court construes as objections to the Second R&R and Magistrate Judge Baker's October 20 Order, are **OVERRULED**.

4. Magistrate Judge David A. Baker's Second Report and Recommendation (Doc. 15) is **ADOPTED AND CONFIRMED** and made a part of this Order.

5. Plaintiffs' [Second] Motion for the Informa Paupus [sic] to be Approved (Doc. 13) is **DENIED**.

6. Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED** as frivolous.

7. U.S. Magistrate Judge Baker's October 20, 2015 Order denying Plaintiffs' motion to appoint counsel (Doc. 17) is **AFFIRMED**.

8. The Clerk is **DIRECTED to STRIKE** Plaintiff's Second Amended Complaint (Doc. 18) for failure to seek leave of court pursuant to Federal Rule of Civil Procedure 15(a)(1) and (2) before filing.

9. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 28, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Pro Se Parties